UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

VICKIE E. GRAHAM, )
)
Plaintiff, )
)
v. ) 3:11-CV-526
) (PHILLIPS/GUYTON)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 13], and the defendant's Motion For Summary Judgment. [Doc. 15]. Plaintiff Vickie E. Graham ("Graham") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

I.  BACKGROUND

Graham was 52 years of age when the ALJ issued the Decision in August, 2010. (Tr. 164, 20). Graham has a high school education. (Tr. 18). She has work experience as a packer in a meat processing plant (1998-2003) and as a home health aide (1982-1998). (Tr. 91)[1]. Graham has a

---

[1] The year of "2004" on the Disability Report appears to be a typographical error.

driver's license, and she is able to drive. (Tr. 608). She lives with her husband and her husband does "the majority" of the household chores. (Tr. 608).

The appeal is from the second Decision in this case. The claim was filed in December, 2004. The claim was denied initially and on reconsideration in 2005. Graham had a hearing before the ALJ in March, 2007. The Decision was unfavorable. The Appeals Council granted review and then remanded to the ALJ in August, 2009, with the instruction to the ALJ to discuss the weight given to Dr. David Wohlwend, a treating physician (and pain management doctor), and "provide specific reasons for giving it no weight." (Tr. 40, 12).

The ALJ held a second hearing in July, 2010 (Tr. 603-615) and issued a second, unfavorable Decision. (Tr. 12-20). The sole issue in the matter before the Court is whether the ALJ did adequately explain his determination to afford no weight to the opinion of Dr. Wohlwend.

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision have been set forth in the memoranda of the parties, [Doc. 14; Doc. 16], are not in dispute, and need not be repeated here.

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

2

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if the person's physical or mental impairment or impairments are of such severity that the person is not only unable to do the person's previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which the person lives, or whether a specific job vacancy exists for the person, or whether the person would be hired if the person applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III.  STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir.

1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

5

## IV. POSITIONS OF THE PARTIES

Graham alleges that she has been disabled and unable to work since August, 2003. (Tr. 90, 605). She states that chronic pain in her back, hips, and shoulders caused by fibromyalgia is too severe for her to be able to work. (Tr. 605-606). She argues that the opinion of Dr. Wohlwend supports her claim of disability.

The ALJ found a residual functional capacity (RFC) of light work, plus Plaintiff has certain "significant nonexertional impairments" which preclude excessive vibration, frequent overhead motions, frequent bending and stooping, frequent squatting, and frequent use of foot controls. (Tr. 15-16). The Commissioner argues that substantial evidence supports this RFC and a finding of not disabled.

## V. ANALYSIS

The medical evidence of record reveals that Graham had a treatment relationship with Dr. David Wohlwend, practicing as Tennessee Valley Integrative Pain Center, beginning in the late 1990's. (Tr. 241-320). Dr. Wohlwend prescribed a number of drugs for Graham over the years, including the Duragesic patch, Kadian, Zoloft, Xanax, Remeron, Provigil (Tr. 263) and Oxycontin (Tr. 267), among others.

Dr. Wohlwend completed a Medical Opinion Form (physical) dated June 9, 2005. (Tr. 237-239). Dr. Wohlwend opined that Graham can be expected to sit for three hours out of an eight hour day, but only for thirty minutes at one time; stand or walk for a total of two hours out of an eight hour dat, but only for fifteen minutes at one time. This assessment therefore indicated that Plaintiff

6

is only capable of working a five-hour workday. (Tr. 237). Dr. Wohlwend also opined that Graham has the ability to infrequently lift or carry up to ten pounds, but never any more; that Graham reasonably experiences "moderately severe pain"; and that she would require more than four absences monthly from a full-time work schedule. (Tr. 238-239).

Dr. Wohlwend passed away, and his office referred Graham to Morristown Pain Consultants, with whom she began treatment in November 2005. (Tr. 351, 354). Treatment included several oral medications including Roxicodone, Oxycodone, Xanax, and Duragesic patch. (Tr. 336, 340). Plaintiff continued treatment with Morristown Pain Consultants throughout the remainder of the relevant period.

The issue before the Court is the ALJ's treatment of the June 9, 2005 Medical Opinion Form (physical), signed by Dr. Wohlwend. The Decision states:

> The undersigned is cognizant of the…medical source statement of pain specialist Dr. Wohlwend who limited the claimant to less than sedentary work based on her subjective complaints of pain…the Administrative Law Judge concludes that such limitations are overly restricted [sic] and are not supported by the objective medical evidence but rather appear to place greater emphasis on the claimant's excessive complaints of pain. The doctors apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all of what the claimant reported. Yet…there exist good reasons for questioning the reliability of the claimant's subjective complaints. The doctors' own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if claimant were in fact disabled, and the doctor did not specifically address this weakness. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent in demanding in seeking supportive notes or reports from their physicians, who might

7

> provide such a note in order to satisfy their patients requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situation where the opinion in questions departs substantially from the rest of the evidence of record, as in the current case.

(Tr. 16).

The Plaintiff complains that the Decision makes no specific statement regarding the weight afforded the opinion; that the remainder of the Decision fails to mention any other aspects of Graham's treatment relationship with Dr. Wohlwend; and that the ALJ did not give good reasons for assigning no weight to the opinion.

The Commissioner argues that the ALJ did explain the lack of weight given to Dr. Wohlwend's opinion, and that the explanation is adequate.

Under the Social Security Act and its implementing regulations, if a treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). But where an opinion does not garner controlling weight, the appropriate weight to be given to an opinion will be determined based upon the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinions consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. 20

C.F.R. §§404.1527(d)(2) and 416.927(d)(2). A decision denying benefits "must contain specific reasons for weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (1996).

The treating-source rule is not, however, "a procrustean bed, requiring an arbitrary conformity at all times," Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 551 (6th Cir. 2010) (per curiam). The ultimate decision of disability rests with the ALJ. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).

In this case, the ALJ explained his decision not to afford weight to Dr. Wohlwend's opinion on Graham's limitations. (Tr. 16). The ALJ discussed the Plaintiff's reported activities and symptoms. He noted that Dr. Wohlwend relied on Graham's subjective complaints. He concluded that there were "good reasons for questioning the claimant's subjective complaints."

As noted above, a treating physician's opinion as to the nature and severity of an impairment is entitled to controlling evidence when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." The Court finds that the ALJ's conclusion that Dr. Wohlwend's opinion was not well-supported by objective medical evidence is supported by substantial evidence. The evidence of record supports the conclusion that Dr. Wohlwend reiterated the Plaintiff's subjective complaints. Dr. Wohlwend did not cite any medical evidence in support of his findings, and his treatment notes are not consistent with the extreme findings contained in the June 9, 2005 "Medical Opinion Form (physical)." Based on the foregoing, the Court finds that the ALJ did not

9

err in concluding that Dr. Wohlwend's findings were not entitled to controlling weight because they were not supported by objective medical evidence.

When a treating physician's opinion is not entitled to controlling weight, the ALJ must, nonetheless, weigh the opinion pursuant to 20 C.F.R. §§ 404.1527(d)(2) and 416.927 (d)(2), to determine if the opinion is entitled to some weight in the decision-making process. In this case, the ALJ apparently found that Dr. Wohlwend's findings were not entitled to any weight. The ALJ didn't explicitly say that, but the Commissioner concedes that that is what occurred. The ALJ did find, however, that "the opinion in question departs substantially from the rest of the evidence of record." (Tr. 16).

Medical source opinions of record also support the ALJ's RFC finding (Tr. 16, 213-215, 231). For example, Dr. Jeffrey Summers, a consultative examiner, did an assessment, which supports the ALJ's RFC finding. (Tr. 16). Upon examining Plaintiff in March, 2005, Dr. Summers assessed probable osteoarthritis. (Tr. 213). Plaintiff's lumbar spine range of motion was just mildly limited, and ranges of motion of her neck and both shoulders were normal. (Tr. 213-214). A lumbar spine x-ray reflected normal vertebral body alignment and height, and intervertebral disc spaces were well-maintained. (Tr. 215). While there was a pars defect at L5, Plaintiff's sacroiliac joints appeared normal. (Tr. 215). Dr. Summers observed that Plaintiff walked in a normal manner and did not use an assistive device. (Tr. 213). He assessed that she could perform light work with some restriction in postural movements, and was otherwise able to fully use her bilateral arms and sit. (Tr. 214). Significantly, as the ALJ noted, these findings are generally consistent with an earlier assessment Dr. Wohlwend completed in September 2, 2003. (Tr. 63, 263). Dr. Summers' findings

provide substantial evidence to support the ALJ's decision. (Tr. 213-214). See 20 C.F.R. § 404.927; Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390-391 (6th Cir. 2004); Walters v. Comm'r of Soc. Sec., 127 F.3d at 525, 529-530 (6th Cir. 1997).

The Court finds that the ALJ properly weighed the applicable statutory factors to determine that the findings from Dr. Wohlwend were entitled to no weight, 20 C.F.R. §§ 404.1527(D)(2) and 416.927(d)(2). In addition, the Court finds the ALJ explained the basis for affording no weight to the treating physician's opinion and gave good reasons for his decision.

Accordingly, the undersigned finds that the Plaintiff's allegation that the ALJ erred by not affording appropriate weight to Dr. Wohlwend's opinions is not well-taken.

## VI. CONCLUSION

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of preforming light work with certain enumerated restrictions. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby

**RECOMMENDED**[2] that the Plaintiff's Motion For Judgment On The Pleadings [Doc. 13] be **DENIED** and that the Defendant's Motion For Summary Judgment [Doc. 15] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).